UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RENARD T. POLK, | Case No. 2:01-CV-89 JCM (RJJ) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Polk v State of Nevada, et al.*, case number 2:01-cv-00089-JCM-RJJ.

*Pro se* plaintiff Renard Truman Polk moved to voluntarily dismiss his complaint on December 5, 2001 (ECF No. 30), which the court granted on December 11, 2001 (ECF No. 31). Thereafter, plaintiff filed a notice of appeal, which the Ninth Circuit dismissed for lack of jurisdiction. (ECF Nos. 32, 33, 34).

Over fifteen years later, on June 19, 2017, plaintiff filed the instant motions seeking relief from judgment (ECF No. 36) and leave to file an amended complaint (ECF No. 37). Plaintiff asserts that he should be granted leave to file an amended complaint because his circumstances have changed since he voluntarily dismissed this matter. (ECF Nos. 36, 37).

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

**James C. Mahan**
**U.S. District Judge**

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The instant action has been closed since 2001. (*See* ECF Nos. 31, 33, 34). Plaintiff has failed to set forth any justification as to his untimely motion. Nor does plaintiff provide any argument from which the court could infer reasonableness. Plaintiff merely asserts that "enforcement of the dismissal order is no longer equitable" because the legal relationships between the parties have changed since plaintiff's voluntary dismissal. (ECF No. 36 at 2).

Contrary to plaintiff's assertion, however, there is, and has been, no "enforcement" relating to this case as the instant action has been closed since 2001 and there has been no docket activity since 2002. Because plaintiff has failed to show that Rule 60(b) relief is proper, the court will deny plaintiff's motion for relief from judgment (ECF No. 36).

Similarly, plaintiff has failed to set forth any basis upon which granting leave to file an amended complaint would be appropriate. Plaintiff voluntarily moved to dismiss his complaint, and the action was dismissed without prejudice. Because plaintiff's complaint was dismissed without prejudice, the court finds no reason to reopen the instant action and grant plaintiff leave to file an amended complaint. If plaintiff wishes to pursue the claims set forth in his proposed amended complaint, he may do so by filing a complaint in a new case and submitting the filing fee or an application to proceed *in forma pauperis*. Accordingly, the court will deny plaintiff's motion for leave to file an amended complaint (ECF No. 37).

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions (ECF Nos. 36, 37) be, and the same hereby are, DENIED.

No further motions will be considered in this case.

DATED July 3, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**